## IN THE UNITED STATES DISTRICT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GERARD GIFFORD**<br>3783 E. Brandon Way<br>Doylestown, PA 18902<br><br>**Plaintiffs(s)**<br>v.<br><br>**SEARS, ROEBUCK AND CO.**<br>3333 Beverly Road<br>Hoffman Estates, IL 60179<br><br>**Defendant(s)** | Civil Action No: |

## COMPLAINT

Plaintiff, Gerard Gifford, by and through undersigned counsel, hereby demands judgment against the above-named defendant, and states as follows:

## PARTIES

1. Plaintiff, Gerard Gifford, is an adult individual and was, at all times relevant hereto, a Pennsylvania citizen who was the owner and occupant of the residential property located at 3783 E. Brandon Way, Doylestown, PA ("subject property").

2. At all times relevant hereto, Defendant Sears, Roebuck and Co. ("Sears") was, upon information and belief, a New York corporation with its primary place of business at the above-captioned address and was authorized to do business within the Commonwealth of Pennsylvania.

3. Upon information and belief, Sears is in the business of, *inter alia*, selling, distributing, marketing, installing, assembling and/or delivering domestic appliances such as, *inter alia*, the Kenmore-brand freezer (Model Number 255.19702010, "subject freezer" or "appliance") that was designed, assembled, manufactured, sold, distributed and/or marketed by Defendant Sears.

## JURISDICTION AND VENUE

4. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between entities and/or citizens of different states. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

5. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## CONCISE STATEMENT OF FACTS

6. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

7. Prior to July 2, 2015, Plaintiff purchased the freezer from Sears to be used in the subject property.

8. On July 2, 2015, a fire occurred at the subject property, causing extensive damage to his real and personal property, as well as the imposition of additional expenses and hardship besides.

9. The subject fire resulted from a sudden and catastrophic malfunction of the appliance caused by design, manufacturing and/or warning defects that existed since the appliance left Defendant's control.

10. Upon information and belief, the above-referenced malfunction was caused by a design, manufacturing and/or warning defect that resulted in the appliance's positive temperature coefficient resistor failure and the appliance to erupt into flames suddenly and without warning while being used as intended on the date in question. The subject freezer was sold without warnings and/or instructions describing this hazard or in any way instructing Plaintiff on how to protect against risk of harm from this hazard.

11. The freezer was not modified and/or altered prior to the fire.

12. The Plaintiff used the freezer only for its intended purpose of preserving food at all times.

13. As a result of the fire described above that was caused by Defendant's defective freezer, Plaintiff sustained damage to his real and personal property and additional hardships besides in an amount greater than $900,000.00.

## COUNT I – NEGLIGENCE

14. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

15. Sears owed a duty of reasonable care to Plaintiff to design, manufacture, distribute, market and/or sell the subject freezer free from all defects and in a condition safe for its ordinary and intended use.

16. The aforementioned damages were the direct and proximate result of the negligence, carelessness, and/or other unlawful and duty-breaching conduct of Sears, by and through its employees, agents, technicians, vendors, subcontractors, and/or servants as follows:

    a. failing to exercise reasonable care in the following manner:

        i. failing to market, sell, assemble, deliver and distribute a properly functioning freezer free from defects and safe for its ordinary and intended use;

        ii. failing to properly inspect, test and/or repair the freezer to ensure that it was free from the aforementioned defect(s) and safe for its ordinary and intended use; and

        iii. designing, manufacturing, marketing, distributing, delivering, assembling and/or selling the freezer when Sears knew or should have known that it was defective and unsafe for intended use.

    b. failing to adequately instruct, train and/or supervise its employees, agents, servants, contractors, technicians, vendors and/or servants so as to avoid the problems set forth in subparagraph (a) above;

    c. failing to adequately warn Plaintiff of the dangers and hazardous conditions resulting from the careless and negligent conduct set forth in subparagraph (a) above;

    d. failing to provide, establish, and/or follow proper and adequate controls so as to avoid the problems enumerated in subparagraph (a) above;

    e. failing to perform the services set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications and standards;

    f. violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action; and/or

    g. otherwise acting negligently under the circumstances.

17. As a direct and proximate result of Sears's aforementioned actions, and/or omissions, Sears is liable to Plaintiff for his damages.

**WHEREFORE**, Plaintiff, Gerard Gifford, respectfully requests judgment against Sears, in an amount in excess of $900,000.00 plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT II – BREACH OF WARRANTIES

18. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

19. In conjunction with the sale, distribution, marketing, assembly, repair and/or inspection of the freezer, Sears expressly and/or impliedly warranted that the freezer would be free from defects and safe to use for its intended purpose. Plaintiff, to his detriment, relied upon the warranties put forth by Sears and/or implied at law.

20. Sears breached the aforementioned warranties when it sold the defective freezer at issue in this case in a defective condition, which rendered it unreasonably dangerous, not

merchantable and not fit for use for the purposes intended.

21. Plaintiff performed all conditions precedent to recover based upon such breaches.

22. Plaintiff's damages, as described above, occurred as a direct and proximate result of, *inter alia*, Sears' breach of its implied warranties of fitness for a particular purpose and merchantability as set out in 13 Pa. C.S.A.§2-315 and §2-314(c), and as a result of Sears's breach of its expressed and implied warranties in violation of 13 Pa.C.S.A. §2-313, as well as the express and implied warranties set out in the warranties that Plaintiff purchased at the time of buying the freezer, and/or any time prior or subsequent thereto.

**WHEREFORE**, Plaintiff, Gerard Gifford, respectfully requests judgment against Sears, in an amount in excess of $900,000.00 plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT III – STRICT LIABILITY

23. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

24. Sears is engaged, and at all times relevant hereto was engaged, in the business of designing, manufacturing, marketing, selling, installing, assembling, delivering and distributing, *inter alia*, freezers, and, specifically, designed, manufactured, assembled, marketed, sold and installed the Kenmore-brand freezer at issue in this case (described above).

25. As noted above, the subject freezer was sold in a defective and unreasonably dangerous condition, unsafe for its intended use.

26. The subject freezer was not altered since leaving Defendant's control.

27. The aforementioned defects consisted of:

(a) design defects;
(b) manufacturing defects;
(c) component defects;
(d) use-instruction and/or warnings defects; and/or
(e) a failure to warn of the design, manufacturing, and/or component defects, and/or properly provide warning and/or safe use instructions.

28. For these reasons, Sears is strictly liable to Plaintiff under Section 402A of the Restatement (2d) of Torts and/or the applicable law of strict products liability of the Commonwealth of Pennsylvania.

29. As a direct and proximate result of the aforementioned defects, Plaintiff sustained and incurred damage to his real and personal property, along with the imposition of additional expenses and hardship besides, in an amount in excess of $900,000.00.

**WHEREFORE**, Plaintiff, Gerard Gifford, respectfully requests judgment against Sears, in an amount in excess of $900,000.00 plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

de LUCA LEVINE LLC

BY: *Raymond Mack*
RAYMOND E. MACK
PA ID: 91815
**PATRICK A. HUGHES**
PA ID: 91415
Three Valley Square, Suite 220
Blue Bell, PA 19422
215-383-0081
215-383-0082 (fax)
rmack@delucalevine.com
phughes@delucalevine.com
**ATTORNEYS FOR PLAINTIFF**

**Dated:** May 19, 2016